ROSBOROUGH v. CERVENI.    (No. 1763.)

(Court of Civil Appeals of Texas. Texarkana. April 13, 1917. Rehearing Denied July 28, 1917.)

1. APPEAL AND ERROR ⟨key⟩1048(3)—REVIEW—ADMISSION OF EVIDENCE.

The exclusion of evidence will not be ground for reversal when the court's qualification to the bill of exceptions shows that the objection was sustained merely because the question was leading; the same matter having already been testified to by other witnesses.

2. NUISANCE ⟨key⟩76—BAWDYHOUSE — QUESTION FOR JURY.

Whether or not a particular house is used as a bawdyhouse and whether the owner knew of its use are questions for the jury.

3. APPEAL AND ERROR ⟨key⟩1002—REVIEW — VERDICT—CONFLICTING EVIDENCE.

Where the evidence is conflicting, the appellate court will not disturb a verdict.

Error from District Court, Bowie County; H. F. O'Neal, Judge.

Action by E. T. Rosborough against Joe Cerveni. Judgment for defendant, and plaintiff brings error. Affirmed.

Plaintiff in error is the owner of a house and lot in the city of Texarkana used for profit as a rented residence. The defendant in error is the owner of a two-story house situated upon a lot adjoining the said premises of the plaintiff in error. And the plaintiff in error brings this action to recover damages from the defendant in error for, as alleged, knowingly renting and permitting the upper story of his house to be used as a place of prostitution, by which the plaintiff in error's house was diminished in value and rendered unfit for rental purposes. The defendant in error answered denying the allegations of the petition. There was a trial before a jury, and they returned a verdict for the defendant.

The evidence offered in behalf of the plaintiff shows that the house was used, after being rented, as a house of ill fame, and kept as a place of common prostitution, and that the defendant had ample knowledge of the purposes for which the house was used. And the evidence offered by the defendant was in substance that the house was only used as a proper rooming place, and was not a place of ill fame or of prostitution. The defendant testified to the effect that he did not rent the house for any immoral purpose, and that he did not know that the house was being used as a bawdyhouse, and that when he was notified by the plaintiff in error concerning the alleged use that he immediately went to the city officers and requested them to look into the situation and advise him if anything was wrong, and that such officers, after investigating, informed him there was nothing wrong in the use of the house. The verdict of the jury settled this conflict of evidence in favor of the defendant's contention.

E. Newt Spivey and E. E. Weaver, both of Texarkana, for plaintiff in error. R. W. Rodgers and Joe Hughes, both of Texarkana, for defendant in error.

LEVY, J. (after stating the facts as above). [1] Error is predicated upon a bill of exception relating to evidence. According to the bill of exception, a witness was asked to state the reputation of the house as a house of ill fame. The court sustained an objection made to the question. The court qualifies the bill with the statement:

"I sustained objection to the form of question because it was leading and did not undertake to prove the general reputation of the house. A number of other witnesses, including plaintiff, Murphy, and Ray, proved the reputation of said house as being a place where prostitutes frequented."

In view of the qualification, the objection was sustained only as to the "form of question" in not having the "general reputation" asked about. If the form of the question had been changed in accordance with the court's ruling, the answer of the witness would, as indicated by the bill, have been admitted as evidence; for according to the bill the same evidence as sought from the witness was already in evidence by several witnesses. In view of the bill as explained by the court, this court would not be warranted in holding that the ruling of the court constitutes reversible error.

[2, 3] The next assignment of error complains that the verdict of the jury is contrary to and unsupported by the evidence. In this case the evidence in behalf of plaintiff would go to establish that the house was used as a bawdyhouse, and that the defendant knew of its use; while, on the other hand, there is some evidence in behalf of the defendant that goes to show that the house was a moral rooming house, and there is evidence to show that, if the house was used as a bawdyhouse, the defendant did not know of its use. The charge of the court fairly presented the issues to the jury, and they evidently founded their verdict, as in their province, on the evidence in behalf of the defendant. Whether or not a particular house is used as a bawdyhouse, and whether or not the owner of the house knew of the use that the house was being put to by his tenant, are essentially questions of fact for decision by the jury. And in view of the conflicting evidence the appellate court may not disturb the verdict of the jury. Consequently this court is constrained to affirm the judgment on the record.